# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, *Plaintiff*, v. HUAWEI TECHNOLOGIES CO., LTD. and HUAWEI TECHNOLOGIES USA INC., *Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION 6:20-cv-00533-ADA<br>CIVIL ACTION 6:20-cv-00534-ADA<br>CIVIL ACTION 6:20-cv-00535-ADA<br>CIVIL ACTION 6:20-cv-00536-ADA<br>CIVIL ACTION 6:20-cv-00537-ADA<br>CIVIL ACTION 6:20-cv-00538-ADA<br>CIVIL ACTION 6:20-cv-00539-ADA<br>CIVIL ACTION 6:20-cv-00540-ADA<br>CIVIL ACTION 6:20-cv-00541-ADA<br>CIVIL ACTION 6:20-cv-00542-ADA<br>CIVIL ACTION 6:20-cv-00543-ADA<br>CIVIL ACTION 6:20-cv-00544-ADA |
|---|---|---|

**[DRAFT] SCHEDULING ORDER**

| Deadline | Item |
|---|---|
| October 9, 2020 | Plaintiff serves preliminary[3] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| October 30, 2020 | Deadline for Motions to Transfer, and deadline for parties to submit an agreed Scheduling Order. |

---

[3]The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

*Page | 1*

| Deadline | Item |
|---|---|
| December 7, 2020 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the complaint, unless the parties agree to some other timeframe. |
| December 21, 2020 | Parties exchange claim terms for construction. |
| January 08, 2021 | Parties exchange proposed claim constructions. |
| January 15, 2021 | Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[4]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| January 22, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| February 5, 2021 | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| March 5, 2021 | Defendant files Responsive claim construction brief. |
| March 19, 2021 | Plaintiff files Reply claim construction brief. |

---

[4] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Deadline | Item |
|---|---|
| April 2, 2021 | Defendant files Sur-Reply claim construction brief. |
| April 5, 2021 | Parties submit Joint Claim Construction Statement.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| April 9, 2021 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed). The parties shall also jointly submit, via USB drive, Box (not another cloud storage), or email to the law clerk, pdf versions of all as-filed briefing and exhibits. |
| April 15-16, 2021 | *Markman* Hearing |